IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILSON SPORTING GOOD CO. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| JUGS SPORTS, INC. | ) | |
| | ) | |
| Defendant. | ) | (Demand for Jury Trial) |
| | ) | |

**Complaint for Declaratory Judgment**

Plaintiff Wilson Sporting Goods Co. ("Wilson"), by their attorneys, complain of Jugs Sports, Inc. ("Jugs") as follows:

**PARTIES**

1. Wilson is a corporation organized and existing under the laws of the state of Delaware having a principal place of business at 8750 Bryn Mawr Ave., Chicago, IL 60631.

2. Upon information and belief, Jugs is a corporation organized and existing under the laws of the state of Oregon having a principal place of business at 11885 SW Herman Rd., Tualatin, OR 98062.

**JURISDICTION AND VENUE**

3. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. D451,566 (the "'566 Patent"). Wilson's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. Wilson's principal place of business is within the jurisdiction of the United States District Court for the Northern District of Illinois. Jugs has accused certain Wilson products

of patent infringement. Particularly, Jugs sent Wilson's ATEC division a letter accusing Wilson's ATEC "5-Position Batting Tee or Tuffy Multi-Tee" of infringement of the '566 Patent.

5. Jugs advertises, offers to sell, and sells Jugs's products throughout the United States and within Illinois and this District. Jugs has thus purposefully availed itself of the privilege of doing business in the state of Illinois and in this District, both generally and specifically, by advertising, offering to sell, and selling products throughout Illinois and specifically advertising, offering to sell, and selling products throughout Illinois that are marked with the '566 Patent at issue here.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## BACKGROUND FACTS

7. Wilson sells various sporting goods products including baseball-training products such as batting tees. Wilson sells batting tees through its division ATEC. ATEC is a division of Wilson and not a separate corporate entity.

8. ATEC began selling the accused ATEC Tuffy Multi-Tee batting tee in at least 1996 (the "Accused Products"). In 2000, ATEC became a division of Wilson. After Wilson purchased ATEC, Wilson continued sales of the ATEC Tuffy Multi-Tee batting tee. See Exhibit A.

9. On or about December 3, 2012, Wilson received a letter accusing certain of Wilson's ATEC division's products of infringement of the '566 Patent. The letter, dated November 26, 2012, was sent by counsel for Jugs. Specifically the letter accused Wilson's ATEC "5-Position Batting Tee or Tuffy Multi-Tee ('Infringing Product')" of willful infringement of the '566 Patent. The letter further stated that "[t]he Infringing Product appears to be an exact copy of the product Jugs manufactures and sells under the '566 Patent so the infringement is clear." Additionally, the letter demanded Wilson to cease all infringing activities regarding the Accused Products and to provide an accounting of all sales of the Accused Products to Jugs.

10. The '566 Patent was filed on March 5, 2001, and it issued December 4, 2001. The patent is titled "Batting Practice Tee." A copy of the '566 Patent is attached as Exhibit B.

11. The Accused Products have been on sale since at least 1996. The Accused Products have been on sale since at least one year prior to the filing of the '566 patent.

12. Jugs's letter dated on November 26, 2012 alleges infringement of a specific patent, the '566 Patent, by a specific product, Wilson's ATEC "5-Position Batting Tee or Tuffy Multi-Tee ('Infringing Product')." This case thus presents an actual controversy within the scope of 28 U.S.C. § 2201.

## COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

13. Wilson repeats and realleges paragraphs 1 through 12 as fully set forth above.

14. Wilson sells the Accused Products.

15. The design of the Accused Products is different from the design claimed in the '566 Patent and would not be confused with the claimed design by an ordinary observer.

## COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY

16. Wilson repeats and realleges paragraphs 1 through 15 as if fully set forth above.

17. The '566 Patent is invalid under 35 U.S.C. §§102 and 103 as anticipated or rendered obvious by at least the Accused Products that were on sale more than one year prior to the filing of the application for the '566 Patent.

18. The design claimed in the '566 Patent is invalid because it is functional.

19. Although the Accused Products have been openly and notoriously marketed, advertised, and sold since 1996, Jugs deliberately failed to notify or disclose to the United States Patent and Trademark Office of the design of the Accused Products during the prosecution of the '566 Patent, thus Jugs committed inequitable conduct rendering the '566 Patent invalid and unenforceable against Wilson.

20. Wilson has not yet undertaken a full investigation of the question of enforceability and validity of the '566 Patent and preserves its right to raise all defenses against Jugs's charge of patent infringement

## JURY TRIAL

21. Wilson respectfully requests a jury trial on the merits.

## REQUESTED RELIEF

Wherefore, Wilson requests the following relief:

(A)  That the Court declare that the Accused Products do not infringe the '566 Patent;

(B)  That the Court declare the '566 Patent is invalid;

(C)  That the Court find this is an exceptional case, and award Wilson its attorneys' fees, costs and expenses in bringing and prosecuting this lawsuit, pursuant to 35 U.S.C. § 285.

(E)  That the Court award Wilson treble damages pursuant to 35 U.S.C. § 284.

(F)  That Wilson have such further and other relief as this Court may deem just.

Dated: December 13, 2012

\_\_/S/ Jeffery A. Key_____
Jeffery A. Key, Esq. (#6269206)
KEY & ASSOCIATES
321 N. Clark Street, Suite 500
Chicago, Illinois 60654
Telephone: (312) 560-2148
Facsimile: (312) 957-1236

Attorney for Plaintiff
Wilson Sporting Goods Co.

## JURY DEMAND

Plaintiff hereby demands a trial by the maximum number of jurors permitted by law.

\_\_/S/ Jeffery A. Key_____
Jeffery A. Key, Esq. (#6269206)

Attorney for Plaintiff
Wilson Sporting Goods Co.